IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | | |
|---|---|---|
| JOSEPH GARCIA, | : | CIV. NO. 20-1728 (RMB) |
| Petitioner | : | |
| v. | : | **OPINION** |
| WARDEN DAVID ORTIZ, | : | |
| Respondent | : | |

**BUMB, UNITED STATES DISTRICT JUDGE**

This matter comes before the Court upon Petitioner Joseph Garcia's letter request for reconsideration of this Court's order dismissing his petition for writ of habeas corpus under 28 U.S.C. § 2241 as moot. (Letter, Docket No. 27; Opinion and Order, Docket Nos. 25, 26). Petitioner, a prisoner formerly confined in the Federal Correctional Institution in Fort Dix, New Jersey ("FCI Fort Dix"), filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, raising a due process challenge to the loss of his UNICOR job as a prison disciplinary sanction, and alleging the sanction affected the length of his sentence because he was unable to earn Time Credits under the First Step Act AND deprived him of the opportunity to transfer to a prison near his home. (Pet., Docket No. 1.) The Court granted Respondent's request to dismiss the habeas petition as moot after the Federal Bureau of Prisons released Petitioner on November 23, 2022. (Opinion and Order, Docket Nos. 25, 26).

## I.  DISCUSSION

### A.  Legal Standard

"'The purpose of a motion for reconsideration … is to correct manifest errors of law or fact or to present newly discovered evidence.'" *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (quoting *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985)).  Reconsideration of a judgment may be granted based on:  "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice."  *Id.* (citation omitted).

### B.  Analysis

Petitioner's request for reconsideration rests on an alleged error of law, that his habeas petition did not become moot when he was released from BOP custody. Petitioner submits that this Court retains the power to award him FSA Time Credits applicable to community supervision or to award monetary relief.  Money damages, however, are not an available remedy under § 2241.  *See Leamer v. Fauver*, 288 F.3d 532, 542 (3d Cir. 2002) (discussing the difference between habeas relief and conditions of confinement claims that would not alter a sentence or undo a conviction.) Therefore, the Court turns to the availability of relief in the form of FSA Time credits applicable to Petitioner's term of supervised release.

Prior to the dismissal of the petition as moot, the Court had not addressed the question of jurisdiction. Petitioner asserted the Court had habeas jurisdiction over his

challenge to a disciplinary sanction, loss of his UNICOR job, which rendered him unable to earn Time Credits under 18 U.S.C. § 3632(d)(4)(C), and, thus, potentially affected the duration of his confinement, and prevented him from transferring to a prison near his home. Before the Court resolved the jurisdictional issue, Petitioner was released from BOP custody.

On the issue of jurisdiction, Respondent argued that because Petitioner's success on his claim would not necessarily impact the fact or length of detention, nor did the BOP violate a statute or commit an act inconsistent with a command or recommendation in the sentencing judgment, the Court lacked jurisdiction under § 2241. (Docket No. 20). Section 2241 provides a remedy "where the deprivation of rights is such that it *necessarily* impacts the fact or length of detention." *Leamer v. Fauver*, 288 F.3d 532, 540 (3d Cir. 2002) (emphasis added). The Third Circuit also permits an inmate to challenge the "execution of his sentence," where the Federal Bureau of Prisons ("BOP") allegedly violates a statute or acts "inconsistent with a command or recommendation in the sentencing judgment." *Cardona v. Bledsoe*, 681 F.3d 533, 535-37 (3d Cir. 2012).

The BOP did not violate a statute by stripping Petitioner of his UNICOR job as a sanction for a prison code violation, nor did his ineligibility for a prison transfer violate a statute. *See* 28 C.F.R. § 541.3 (Table 1 Prohibited Acts and available sanctions); 18 U.S.C. § 3621 ("[t]he Bureau of Prisons shall designate the place of the prisoner's imprisonment" after consideration of several factors to determine "an appropriate and suitable placement.") Furthermore, Petitioner's job loss did not necessarily impact the fact or duration of confinement because Petitioner does not

have a liberty interest in FSA Time Credits that he *might have* earned from his UNICOR job, but for his finding of guilt of a prison code violation. *See Abdul-Akbar v. Dep't of Corr.*, 910 F. Supp. 986, 1003 (D. Del. 1995), *aff'd*, 111 F.3d 125 (3d Cir. 1997) ("[t]he Due Process Clause does not by itself guarantee the right to earn good-time credits" (citing *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974)). Moreover, "failing to have one type of opportunity to reduce a lawfully imposed sentence through earning good-time credits can hardly constitute an "atypical and significant hardship" under *Sandin*." *Id.* (referring to *Sandin v. Conner*, 525 U.S. 472 (1995)). The same reasoning applies to earning FSA Time credits. Thus, there were no grounds for habeas relief. "A habeas petition does not continue to present a live controversy . . . [where] the grounds for habeas relief will not redress the collateral consequences complained of by the petitioner." *Abreu v. Superintendent Smithfield SCI*, 971 F.3d 403, 407 (3d Cir. 2020).

## II.    CONCLUSION

For the reasons discussed above, the Court denies Petitioner's request for reconsideration of the dismissal of his habeas petition as moot.

An appropriate Order follows.

**DATE:  February 7, 2023**

s/Renée Marie Bumb
RENÉE MARIE BUMB
Chief United States District Judge
